# White *v.* Smith.

### *Bill in Equity for Rescission of Contract.*

1. *Statute of frauds, as to contracts for sale of lands.* — A parol contract between the purchaser of lands and his son, under which the latter paid the balance of purchase-money due to the vendor, as ascertained by a decree in chancery enforcing the vendor's lien, and took a deed to himself from the vendor, and received the possession from his father, who was to be allowed to retain a part of the land during his life, free of rent, is not within the statute of frauds. Rev. Code, § 1862, cl. 6.

2. *Relevancy of evidence on question of fraud and undue influence.* — Under a bill for the rescission of a contract on the grounds of fraud and undue influence, evidence showing the value of the land to which the contract relates, the terms of the contract between the parties, the pecuniary embarrassment of the plaintiff at the time when the contract was made, and the personal influence exercised over him by the defendant, cannot be excluded as irrelevant.

3. *When exclusion of cumulative evidence is reversible error.* — The exclusion of evidence which, though cumulative only, tends to prove the allegations of the bill, is a reversible error, when the bill is dismissed by the chancellor on the ground of insufficient proof, and his decree on the facts is not altogether satisfactory.

4. *Rescission of contract on ground of fraud and undue influence.* — A court of equity will not allow a party to retain the advantage of an unconscionable bar-

[White v. Smith.]

gain, which he has gained by fraud, or by an abuse of his personal influence over a relative; but will rescind the contract, on the timely application of the party injured, on proof of his embarrassed condition at the time, the inadequacy of the consideration paid, the personal relations existing between the parties, and slight evidence or suspicion of fraud.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. R. S. WATKINS.

The bill in this case was filed on the 16th June, 1871, by Meadow White, against Aaron G. Smith, who was his son-in-law; and sought the rescission of a parol contract concerning a tract of land, which the complainant had previously purchased from one Bryant Holmes, and had paid about $2,000 of the purchase-money, but, having failed to pay the residue, the said Holmes had filed a bill in chancery to enforce his vendor's lien on the land, and had obtained a decree of sale and foreclosure. The bill alleged that, after the rendition of this decree, but before any sale under it, the complainant entered into a verbal agreement with the defendant, to the effect that the latter should pay the amount ascertained by the decree to be due to Holmes, about $2,000, and should take a deed in his own name from said Holmes, who had retained the legal title, but should allow the complainant to cultivate and occupy during his life, free of rent, a certain portion of the land, including the dwelling and out-houses; that this contract was consummated by the payment of the money, the execution of the deed, and the surrender of the possession of the land; and that the defendant had subsequently violated the contract, had driven off the complainant's laborers, and had refused to let him cultivate the land which, by the terms of the contract, he was to be allowed to retain and occupy. The bill alleged that, at the time this contract was entered into, the complainant was sixty-seven years old, was in bad health, very much embarrassed in his pecuniary circumstances, and unable to prevent the threatened sale of his homestead; and that the defendant, taking advantage of these facts, and of his personal influence over the complainant, induced him to agree to this contract, by which he surrendered his entire legal interest in the land, and the defendant acquired the legal title to the whole tract at a grossly inadequate price. The prayer of the bill was, that the contract might be cancelled and rescinded, that the land might be sold to reimburse the defendant the amount paid by him to Holmes, with interest, as ascertained on a reference to the register, and that the residue might be paid to the complainant; and the general prayer for other and further relief was added. The defendant answered the bill, and denied that he had ever made any such contract with the complainant as that alleged in the bill. On the hearing, the chancellor sus-

[White v. Smith.]

tained numerous exceptions to the complainant's testimony, and overruled several exceptions to the defendant's testimony. The evidence so excluded related principally to the value of the land, the pecuniary embarrassment of the plaintiff, his mental and physical condition, and the personal relations existing between him and the defendant. On final hearing, on pleadings and proof, the chancellor dismissed the bill, on the ground that the complainant had failed to prove his case. The final decree is now assigned as error, together with the chancellor's rulings on the evidence, numbering twenty-six in all.

R. A. McClellan, for appellant. — The evidence excluded by the chancellor showed the complainant's advanced age, his mental and physical condition, his pecuniary embarrassments, his distress of mind at the impending sale of his property, the relationship between him and the defendant, the influence of the latter over him, the consideration of the contract, and the value of the land and its annual rent. Such evidence was not only relevant and admissible, but it lies at the foundation of equity jurisdiction in such cases. The relevancy and sufficiency of the evidence are sustained by numerous authorities, which clearly establish the complainant's right to relief. Sugden on Vendors, 320; Perry on Trusts, 187–90; 3 Cowen, 537; 12 Ala. 64; 9 Ala. 662, 686; 2 Ala. 571–96; 25 Ala. 445; 23 Ala. 690; 18 Ala. 323; 31 Ala. 304; 26 Ala. 312; 19 Ala. 765; 33 Ala. 149; 39 Ala. 202; 35 Ala. 334; 3 Stew. 243; 2 Stew. & P. 9; 1 Story's Equity, §§ 188, 244–46, 307–08; 22 Ark. 92; 3 Head, Tenn. 103; 4 Coldw. 487; 31 Geo. 512; Ford v. Olden, Law Rep. 3 Eq. 461.

The evidence being relevant and admissible, injury is presumed from its exclusion. Cases cited in Brickell's Digest, 780–81.

Luke Pryor, contra. — 1. If the contract alleged in the bill had been proved, no relief could be granted under it, because it was obnoxious to the statute of frauds. Rev. Code, § 1862; Kennedy v. Kennedy, 2 Ala. 593; 3 Ala. 40; 12 Ala. 124; 18 Ala. 353; 30 Ala. 366; 41 Ala. 251; 4 Porter, 297; 38 Ala. 637.

2. If the contract were valid, and had been proved, the complainant might have a specific performance, or an action at law for damages, but cannot maintain a bill in equity for a rescission on account of a breach. Cases cited in Brickell's Digest, 639, §§ 1, 2, 3; also, Kennedy v. Kennedy, 2 Ala. 588; McVay v. Wheeler, 6 Porter, 201; Nesbitt v. McGehee, 26 Ala. 748; 9 Johns. 115; 4 Cowen, 565; 2 Wendell, 587.

3. The evidence is not sufficient to entitle the complainant to a decree for rescission of the alleged contract, on any recognized ground of equitable relief. *Sadler* v. *Robinson*, 2 Stew. 520; 4 Porter, 528; Brickell's Digest, 662–4, §§ 320–2, 331–5, 341–2.

4. A court of equity will not rescind a contract, unless the party complaining is willing and able to put the defendant *in statu quo*. *Williams* v. *Troy*, 39 Ala. 118; *Ingraham* v. *Foster*, 31 Ala. 123; 14 Ala. 733; 1 Ala. 458; 9 Ala. 755; 25 Ala. 492. The complainant admits his poverty, and consequent inability to refund to the defendant the money which he has paid. If, then, the land should be sold as asked, and should not bring enough to reimburse the defendant, he would be remediless as to the residue, in addition to his costs and expenses.

B. F. SAFFOLD, J. — The appellant had purchased one hundred and sixty acres of land from Bryant Holmes, on credit, receiving his bond for titles. Holmes obtained a decree against him, subjecting the land to his vendor's lien. At this juncture, and before a sale under the decree, the appellee, with the consent of the said appellant, paid the amount due to Holmes, and the costs of the suit, and received a deed for the land from Holmes. The appellant afterwards filed his bill in this suit, alleging that the appellee (defendant) satisfied the decree of Holmes, and obtained the deed, under a verbal agreement with him to let him retain the dwelling and other houses, and as much of the land as he and another person could cultivate, for life, without paying rent, and that he had violated the agreement by virtually driving him off. He prayed for a rescission of the agreement or contract, and a sale of the land for the satisfaction of whatever amount should be found due to the defendant, with return to him of any balance. It is also charged in the bill, that the defendant procured the contract by fraud and undue influence practised on the complainant. The court dismissed the bill, on the ground that the evidence disproved its allegations.

If the defendant had paid the money due to Holmes, and received his conveyance in consideration of it alone, without any understanding whatever with the complainant, he would simply occupy Holmes's position. 2 Story's Eq. Jur. § 784. His right against the complainant would be, to have the land sold to pay the amount due from him. This being the case, the complainant has only asked by his bill what would be the right of both if there was no valid contract between him and the defendant touching the land, to wit, the sale of the land for the payment of the purchase-money. There was certainly

an agreement of some sort between these parties, by which the defendant obtained possession of the land. Whether the complainant's occupation of a portion of it was by way of gratuity, or the consideration of his relinquishment of his interest in the whole, is the point of difficulty. In either case, the matter is without the statute of frauds, because the satisfaction of the decree of foreclosure was a payment of money by the defendant, on account of the complainant, for the land, and he was let into possession.

The defendant's witnesses say he was to have the absolute right and title to the land. This is not inconsistent with his promise to let his father-in-law occupy a portion of it for his life, he being sixty-seven years old. Several of the complainant's witnesses testify to positive declarations of the defendant that his father-in-law was to have such an interest for his life. He admits it in his answer, but claims that there was no consideration for it; that it was a gratuity. Amongst the witnesses so testifying are Ira White, Robert Hughey, Absalom Holt, and the complainant himself. A wide range of valuation of the land is expressed by the witnesses, but the weight of evidence seems to establish a higher price than the defendant paid for it. The complainant had paid nearly or quite $2,000, and his purchase was for $3,000. The defendant paid about $2,000.

The evidence excluded by the court was such as tended to show what contract was made between the parties, the value of the land, the pecuniary distress of the complainant, and the influence of the defendant over him. It is true this evidence was mostly cumulative merely. But its exclusion, as irrelevant, indicates injury to the complainant. We are not prepared to disaffirm the chancellor's verdict upon the evidence; but the case presents an unpleasant resemblance to *Gore* v. *Summersalt & Wife* (4 Monroe (Kentucky), 505), where an aged female conveyed her real estate to her niece, in consideration of the obligation of the latter's husband to support her in his house during her life. The contract was rescinded, on the ground of fraud.

Perhaps, on another hearing, the true state of the case may more clearly appear. A direct charge of fraud and undue influence is made in the bill, and any evidence tending to prove it is, of course, admissible. The condition of the complainant, insufficient consideration for the land, and the real terms of the contract, are proper subjects of testimony. In *Lester* v. *Mahan* (25 Ala. 445), suspicion of fraud on the part of the defendant, coupled with gross inadequacy of price, and the pressure of pecuniary embarrassment on the part of the complainant, was held sufficient to induce a court of equity to rescind a contract

[Armstrong v. Bufford.]

of sale. If the defendant (Smith) produced a false impression that he would permit the complainant to reside on the land, and cultivate a portion of it, as long as he lived, to mislead him into the contract, or surrender of his interest in the land, he ought not to retain the advantage of his deception.

The decree is reversed, and the cause remanded.